FILED
SUPERIOR COURT
OF GUAM

2020 APR -6 PM 3: 42

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )
)   **Criminal Case No. CF0501-18**
)   GPD Report No. 16-24276/16-18607
)
Plaintiff, )
)
v. )
)   **DECISION AND ORDER**
)
JUDETH DONATO PUEBLO, )
*aka* **Judeth Franez Frianeza Donato,** )
DOB: 05/04/1977 )
)
Defendant. )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 19, 2019 for a restitution hearing. Defendant Judeth Donato Pueblo ("Defendant") appeared with Assistant Public Defender Peter Sablan. The People are represented by Assistant Attorney General Sean E. Brown. After considering the arguments and testimony of the parties and the applicable law, the Court now issues this Decision and Order and **GRANTS** the People's request for restitution.

## BACKGROUND

On August 17, 2018, a grand jury returned an Indictment against the Defendant charging her with Theft (as a Second Degree Felony) and Theft (as a Third Degree Felony). Thereafter, the Defendant entered into a deferred plea agreement with a deferred plea of guilty to Theft (as a

Third Degree Felony). Deferred Plea Agreement (July 29, 2019). In the agreement, Defendant indicates that "she has an obligation to pay any fine and restitution ordered by the Court." *Id.* at 7, ¶ 13. The People provided the Court with restitution summaries prior to the scheduled restitution hearing. Submission of Summary Report (RE: Restitution) ("Camacho Report") (July 19, 2019); Submission of Summary Report (RE: Restitution) ("Kao Report") (Sept. 24, 2019). The Court subsequently held a restitution hearing, at which point the Court took the matter under advisement. Min. Entry (Dec. 19, 2019).

## DISCUSSION

A person convicted of a crime may be ordered to pay restitution in the amount of:

> (c) One Thousand Dollars ($1,000.00), when the conviction is of a misdemeanor;
> (e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

9 GCA § 80.50. This means that the court may order Defendant to pay restitution up to one thousand dollars ($1,000.00) without any specific findings but must make findings for any higher amount, not to exceed double the loss of the victim or gain of Defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. Here, the People filed restitution summaries, seeking twenty thousand one hundred twenty dollars ($20,120.00) in restitution for victim Lourdes Camacho and ten thousand two hundred dollars ($10,200.00) for victim Anna Kao. The Court is required to make specific findings regarding those losses if it wishes to order restitution in those amounts. *Id.* The People bear the burden of proving losses by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

At the hearing, the People called Monica Sarusal to testify on behalf of Ms. Kao. Ms. Sarusal works as Ms. Kao's assistant. The People offered an exhibit from Ms. Kao outlining the items stolen from her: two thousand two hundred dollars ($2,200.00) in currency and "Handcrafted self sea pearl necklace and assorted Jade Jewelries (brooches, pendants, bangles)" valued at ten thousand dollars ($10,000.00). Ex. 1. Pictures of these items were offered into evidence. Ex. 2. The People then called Victor Camacho to testify on behalf of Ms. Camacho. The items Ms. Camacho sought to retrieve were an "Emerald Cut Sapphire Diamond Platinum," a "Mikimoto A1 Akoya Pearl Necklace," and an "Akoya Cultured Pearl Strand Necklace." Ex. 3. Mr. Camacho provided estimations of the values of each item based on prices found online: the Emerald Cut Sapphire Diamond Platinum Three-Stone Ring was valued at nine thousand eight hundred ninety dollars ($9,890.00); the Mikimoto A1 Akoya Pearl Necklace was valued at six thousand nine hundred ninety dollars ($6,990.00); the Akoya Cultured Pearl Strand Necklace was valued at three thousand two hundred forty dollars ($3,240.00). Exs. 3 & 4. Mr. Camacho testified that he was aware that the necklaces were purchased sometime in the 1970's but was unsure the exact time that all of the items were purchased. Ct. Recording ("CR") at 3:26:08 (Dec. 12, 2019).

After hearing the testimony of the victim and the arguments of the parties, the Court is satisfied that the People have met their burden of proving the victims' losses by a preponderance of the evidence. *Waknine*, 543 F.3d at 556. Accordingly, the Court shall grant the People's requests for restitution and order the Defendant to pay for the full losses incurred by the victims.

\
\
\

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's request for restitution. It is hereby **ORDERED** that the Defendant pay restitution to victim Anna Kao in the amount of ten thousand two hundred dollars ($10,200.00) and to victim Lourdes Camacho in the amount of twenty thousand one hundred twenty dollars ($20,120.00). The Court will hold a further proceedings hearing on July 29, 2020 at 3:00pm.

**IT IS SO ORDERED** on this 6th day of April, 2020.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**